NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008[*]
Decided October 2, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3564

| | |
|---|---|
| HELEN LARKIN-GORDON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 6652 |
| ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., | |
| *Defendant-Appellee.* | Robert W. Gettleman, *Judge*. |

**O R D E R**

After a regimen of the antibiotic Levaquin permanently injured Helen Larkin-Gordon—or so Larkin-Gordon alleges—she sued its maker, Ortho-McNeil-Janssen Pharmaceuticals, Inc., in federal court, invoking the diversity jurisdiction and claiming negligence and strict products liability.  But the district court observed that this was the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

third lawsuit premised on Larkin-Gordon's injuries, and because her earlier lawsuits—which named only the prescribing doctor as a defendant—demonstrated discovery of her injury as early as 1999, Larkin-Gordon was barred by Illinois's two-year statute of limitations.  *See* 735 ILCS 5/13-202, 5/13-213(d).  Accordingly, the court granted summary judgment in favor of Ortho-McNeil-Janssen.

Larkin-Gordon's opening brief in this court presents an assortment of photographs, testimonials, news articles, briefs from unrelated litigation, and a letter that concludes, "I feel what you already have should be looked at again and I get a fair chance in presenting my case."  We sympathize with Larkin-Gordon, but Federal Rule of Appellate Procedure 28(a) requires more, even from a pro se litigant.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  At a minimum, this court demands a cogent argument "consisting of more than a generalized assertion of error, with citations to supporting authority."  *Id.*  In her reply brief, Larkin-Gordon tries to remedy the problem by citing legal authority and distilling her "strongest" argument—that Ortho-McNeil-Janssen "should not receive the benefit of the statute of limitations time windows since they themselves did not warn of all the effects of the medication from the start."  That contention belongs in her opening brief, though; arguments raised for the first time in a reply brief are waived.  *See, e.g., Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005).

Even if we could entertain Larkin-Gordon's argument, she would not prevail.  Statutes of limitation are no less enforceable because some meritorious claims will fall by the wayside.  "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."  *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349 (1944).

DISMISSED.